UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECHTARGET, INC.,<br>Plaintiff,<br><br>v.<br><br>PROJECT STRATEGY GROUP, LLC,<br>PRELYTIX, LLC., MARC LAPLANTE,<br>MICHAEL KELLY, and SCOTT KELLY,<br>Defendants. | CIVIL ACTION NO. 1:13-cv-11709 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
CONSOLIDATE SUBJECT TO CONDITIONS**

The Plaintiff, TechTarget, LLC ("TTGT"), hereby opposes the Defendants, Mark LaPlante, Michael Kelly, Scott Kelly, Project Strategy Group, LLC, and Prelytix, LLC's Motion to Consolidate this action (the "TTGT Action") with the action commenced by Defendants hours earlier (the "Prelytix Action"), due to their subterfuge and bad faith, as described in greater detail below. TTGT would not oppose consolidation of these two matters, provided that the Prelytix Action be consolidated into the TTGT Action, and that the parties be compelled to fully answer the existing complaints filed in both actions so that the issues may be properly joined for discovery and future case administration.[1]

## I.   NATURE AND STATUS OF PROCEEDINGS

This is an action alleging violations of the Computer Fraud and Abuse Act, the Lanham Act, and the misappropriation and use of TTGT's confidential, proprietary and trade secret

---

[1] The Defendants' Motion to Consolidate suggests that "the cases are mirror images of each other." This is only partly true because the Defendants' used TTGT's Complaint, which they received two weeks prior to filing the Prelytix Action, as the basis for the complaint in the Prelytix Action. However, there are several very different factual and legal allegations in each complaint, which must be addressed directly by independent answers by the respective parties.

information by the individual defendants, in order to assist the corporate defendants in creating and selling a competing product to TTGT's customers and prospective customers. All three of the individual defendants were formerly employed by TTGT. This TTGT Action, and the earlier Prelytix Action filed by the defendants, were both filed hours apart on July 16, 2013. For the reasons stated in this opposition, TTGT opposes the Defendants' Motion to Consolidate the TTGT Action into the earlier Prelytix Action, and instead asks that the Court consolidate the Prelytix Action into the TTGT Action, and order that the parties fully answer each of the Complaints filed in the respective actions.

## II. ARGUMENT

### A. The Prelytix Action was filed mere hours before the TTGT Action due to the Defendants and their prior counsel's subterfuge and bad faith, which should nullify any consideration of the order of filing.

The Defendants were only able to file their action before TTGT's action by virtue of the subterfuge of Defendants and their prior counsel, and TTGT's willingness, at the suggestion of Defendants' prior counsel, to enable the Defendants try to establish their innocence concerning all of the allegations set forth in TTGT's Complaint.

Two weeks before the defendants filed their action, TTGT served each of the Defendants personally, on or about July 3, 2013, with a demand letter and copy of the Complaint filed in this action. A copy of the demand letter and Complaint served upon each of the Defendants is attached as Exhibit A. TTGT threatened to file suit unless the defendants agreed to certain conditions. (See Exhibit A).

On or about July 8, 2013, Attorney Shepard Davison of Burns and Levinson, LLP of Boston, Massachusetts, contacted TTGT's counsel, William S. Rogers, Jr., and indicated that his clients maintained their innocence concerning the allegations in TTGT's Complaint, and

ultimately agreed that the Defendants would voluntarily submit to computer and electronic media data imaging which TTGT had demanded. Mr. Davidson hoped that parties could mediate the dispute going forward, after the data imaging and review process exonerated the Defendants. In response, TTGT agreed to forebear in filing its lawsuit, pending the imaging of all data on the Defendants' personal and/or business computers and other storage devices, for forensic examination by TTGT's computer forensic vendor, Elysium Digital, Inc. ("Elysium"). A copy of Attorney Rogers' emails with Attorney Davidson confirming this arrangement between July 8 – 9, 2013 are attached hereto as Exhibit B. TTGT would not commit to any mediation before the imaging and review process was completed, and the results obtained.

Based upon Attorney Davidson's representations and agreement on behalf of the Defendants that they would willingly submit to data imaging and forensic examination of the data on their personal and business computers and other storage devices, TTGT did not immediately file its action. Instead, TTGT immediately engaged Elysium to prepare for the data imaging process concerning the Defendants' computer and other data. In particular, TTGT arranged for Elysium to be able to conduct the data imaging process on a rolling basis, so as to minimize the interruption of the use of the Defendants' computers and computer systems, and to not unnecessarily interfere with the Defendants' business activities. Extensive preparations were undertaken at Elysium to make ready for the data imaging process to being on July 16, 2013.

In order to facilitate the data imaging process, Elysium provided TTGT and its counsel with a written inventory for itemizing the Defendants' computers, devices, and other storage media, which would be imaged. Attorney Rogers sent the inventory to Attorney Davidson on July 11, 2013. A copy of the email from Attorney Rogers including the Elysium inventory is attached hereto as Exhibit C. Attorney Rogers requested that the inventory be completed by the

close of business on July 12, 2013. Attorney Davison agreed to do his best. On July 12, 2013, Attorney Davidson sent Attorney Rogers a completed Elysium inventory. A copy of the Defendants' completed Elysium inventory for purposes of the data imaging process by Elysium is attached as Exhibit D. Attorney Rogers and Attorney Davidson agreed to conduct a conference telephone call with Jakob Wahlberg of Elysium on July 15, 2013, in order to make final preparations for the imaging process to begin on July 16, 2013.

On July 15, 2013, Jakob Wahlberg of Elysium, Attorney Rogers on behalf of TTGT, and Attorney Davidson on behalf of the Defendants, conducted an extensive conference call to review the process by which Elysium would obtain data images from all of the devices specified in the inventory, beginning the following morning. Attorney Davison indicated that he fully understood the planned process, and arrangements were made for the Defendants to begin to deliver their devices to Elysium for data imaging on the morning of July 16, 2013. At no time during any of these communications did Attorney Davidson on behalf of the Defendants, indicate that he objected to the proposed imaging process as described to him in comprehensive detail, or that he intended to unilaterally file suit without prior notification to counsel for TTGT.

On July 16, 2013, representatives at Elysium were awaiting the delivery of the Defendants computers and other storage devices for imaging. Attorney Shepard Davison left a telephone voice message for Attorney Rogers at his office, and a short time later, sent an email to Attorney Rogers requesting that he contact him on his cell telephone. A copy of Attorney Davidson's email dated July 16, 2013 is attached as Exhibit E. At about the same time, Jakob Wahlberg of Elysium, informed Attorney Rogers that the Defendants had not yet delivered any devices as scheduled. When Attorney Rogers contacted Attorney Davidson as requested he was at home, and Attorney Davison informed Attorney Rogers that the Defendants had filed the

Prelytix Action that morning in this Court, and that they would not be producing their computers or electronic devices or media for data imaging and review as agreed, until "everything was spelled out in detail and agreed to now that suit had been filed." Attorney Rogers accused Attorney Davison of misleading him and TTGT, and of acting in bad faith. According to Attorney Davidson, he was justified in filing the suit as he had never agreed in writing not to do so, and Attorney Rogers had never demanded that he do so as a condition of forbearance by TTGT. Once the telephone conversation was concluded, Attorney Davidson sent Attorney Rogers a copy of the Defendants' Complaint including a cover letter which expressed a willingness by the Defendants to still try and resolve this matter, and further, a written admission that the Defendants did in fact possess confidential, proprietary and trade secret information of TTGT (in both hard-copy and electronic form), that they planned to return. A copy of Attorney Davidson's cover letter and the Complaint filed in the earlier action is attached hereto as Exhibit F. The Defendants' admission that they possess information that they were contractually obligated not to remove from TTGT, or to return to TTGT prior to their departure from employment, is quite telling. Based upon the foregoing, TTGT immediately filed the TTGT Action complaint that it had previously served upon the Defendants on July 3, 2013.

B. <u>The TTGT Action is more procedurally advanced that the Prelytix Action due to Defendants change in counsel, and should serve as the action into which both cases are consolidated going forward</u>.

On July 19, 2013, only three days after both actions were filed, Attorney Rogers was notified by Attorney Louis Ciavarra of Bowditch & Dewey, LLP of Worcester, Massachusetts, that he would be representing the Defendants, and that Attorney Shepard Davison would no longer represent the Defendants in connection with <u>both</u> matters. Attorney Rogers immediately tried to engage Attorney Ciavarra concerning the data imaging process, but Attorney Ciavarra

requested time to get up to speed on the cases. Attorney Rogers sent Attorney Ciavarra his last communications with Attorney Davidson, to facilitate the discussion. A copy of these communications are attached as Exhibit G.

On July 22, 2013, Attorney Ciavarra sent TTGT a written request for the individual Defendants' personnel files. A copy of Attorney Ciavarra's email is attached hereto as Exhibit H. The following day, Attorney Rogers and Attorney Ciavarra agreed to mutually accept service in each action on behalf of their respective clients, and exchange the necessary Waiver of Service of Summons forms with the agreed upon service date of July 23, 2013. TTGT subsequently produced the personnel files to Attorney Ciavarra on or about July 30, 2013.

On August 5, 2013, Attorney Rogers sent Attorney Ciavarra a Stipulated Protective Order for his review and consideration in connection with the handling of any and all confidential or proprietary information which may become the subject of discovery in both cases. A copy of Attorney Rogers' email dated August 5, 2013, and the proposed Stipulated Protective Order is attached as Exhibit I. On August 6, 2013, Attorney Ciavarra tendered the subject Motion to Consolidate to Attorney Rogers for review and consideration, "if you don't want to dismiss your case and proceed with counterclaims…" Attorney Rogers initially informed Attorney Ciavarra that he did not want to dismiss the TTGT Action, and that an illness and subsequent death of his grandmother, would delay his official response concerning the proposed Motion to Consolidate. Copies of these emails dated August 6 and 8, 2013 are attached as Exhibit J. However, on August 13, 2013, Attorney Rogers responded to Attorney Ciavarra indicating that he would agree to convert the Motion to Consolidate to a joint motion by all parties, <u>provided</u> "our clients agree to first answer the respective Complaints on file by an agreed upon date, and then file the joint motion to consolidate (but preserve the two case captions going forward)." Attorney

Rogers suggested that this approach would ensure "that the issues will be properly joined in response to each party's Complaint before the case is consolidated, so that discovery may be property formulated and conducted after the consolidation of the actions." Mr. Rogers expressly requested Attorney Ciavarra's thoughts on this proposal. A copy of Attorney Rogers' email to Attorney Ciavarra dated August 13, 2013 is attached hereto as Exhibit K. Attorney Ciavarra never responded to Attorney Rogers on this proposal before filing this motion.

Also on August 13, 2013, Attorney Rogers tendered to Attorney Ciavarra a proposed Computer Data Imaging and Review Protocol for his review. The purpose of the Computer Data Imaging and Review Protocol was to "spell out the process for the benefit of all," since Attorney Davison and the Defendants had reneged on the prior agreement to conduct the data imaging process beginning on July 16, 2013. A copy of Attorney Rogers email to Attorney Ciavarra dated August 13, 2013 and the proposed Computer Data Imaging and Review Protocol is attached hereto as Exhibit L. On August 14, 2013, Attorney Ciavarra notified Attorney Rogers that he would need more time to review both the Stipulated Protective Order and the Computer Imaging Protocol because of a busy schedule, preparations to travel to Italy during the week of August 18, 2013, and one of his clients being away on vacation. A dispute arose when Attorney Rogers demanded that the Computer Imaging and review process, which had been abruptly terminated on July 16, at least begin in part before Attorney Ciavarra departed on vacation. A month had lapsed since Attorney Davison's admission that the Defendants possessed TTGT's proprietary information and nothing had been returned by either Attorneys Davidson or Ciavarra, and TTGT wanted the process to commence as soon as possible. Attorney Ciavarra indicated that he was unable to agree to commence the imaging protocol because one of his clients was away on vacation and would not be able to discuss the issue with him. Attorney Ciavarra

indicated that if Attorney Rogers wished to take the matter to court by Application for T.R.O. during his vacation, that he wanted the Court to know the circumstances behind his inability to review and/or agree upon the Stipulated Protective Order and the Computer Data Imaging Protocols, and further that he would seek sanctions if he had to oppose such an application. Copies of all communications between Attorney Rogers and Attorney Ciavarra on August 14, 2013 are attached as Exhibit M in sequential order. Ultimately, Attorney Rogers agreed to withhold any such application for temporary restraining order/preliminary injunction upon Attorney Ciavarra's agreement to review the proposed documents with his clients upon his return on August 26, 2013, in preparation for a meet and confer conference to discuss them on August 27, 2013. (See Exhibit M; 3:14 p.m. email from Attorney Ciavarra).

C. Consolidation of the Prelytix Action with and into the TTGT Action is just and proper in these circumstances.

The Prelytix Action should be consolidated into the TTGT Action. The only reason the Defendants' action was filed first, was due to their deliberate subterfuge and misleading of TTGT and its counsel, after they had a copy of TTGT's Complaint for two weeks. Moreover, since the filing of both actions, TTGT's counsel has undertaken all of the efforts to date to lay the groundwork for proper discovery in connection with both matters by virtue of the proposed Stipulated Protective Order and Computer Imaging and Review Protocol. Finally, TTGT's counsel is now working on an electronic discovery protocol to govern both matters, which he intends to serve on Attorney Ciavarra upon his return of August 26, 2013.

For all of these reasons, the Motion to Consolidate should only be allowed under the condition that the earlier action be consolidated within this action, and the Court order that both parties answer the respective Complaints in full, in order to join the issues for future discovery and case administration purposes.

## III. CONCLUSION

Wherefore, the Plaintiff, TechTarget, Inc., hereby requests that the Motion to Consolidate filed by the Defendants be modified and allowed, on the conditions that the Defendants' earlier Prelytix Action be consolidated within this TTGT Action, and that the parties be ordered to fully answer the respective Complaints to properly join the issues for the purposes of both cases going forward.

Respectfully submitted,
TECHTARGET, INC.
By its attorney:

//s// *William S. Rogers, Jr.*
William S. Rogers, Jr. (BBO# 549487)
wsrogers@princelobel.com
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel: (617) 456-8112
Fax: (617) 456-8100

Dated: August 23, 2013

### CERTIFICATE OF SERVICE

I, William S. Rogers, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 23, 2013.

/s/ *William S. Rogers, Jr.*
William S. Rogers, Jr.

1752964-1